Filed 3/5/25  P. v. Jackson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>FERNANDO ALBERTO JACKSON,<br><br>       Defendant and Appellant. | B338151<br><br>(Los Angeles County<br>Super. Ct. No. A614776) |

APPEAL from orders of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Dismissed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Fernando Alberto Jackson appeals from two orders denying his requests for a resentencing hearing pursuant to Penal Code section 1172.1.[1]  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues and acknowledging that courts have disagreed as to whether the denial of a defendant's section 1172.1 request for recall and resentencing is an appealable order.  Jackson thereafter filed a supplemental brief arguing he was entitled to a resentencing hearing.  We dismiss the appeal as we lack jurisdiction over it.

## PROCEDURAL BACKGROUND

In 1980, a jury convicted Jackson of kidnapping for the purpose of ransom (§ 209).  The court sentenced Jackson to imprisonment for life plus three years.

Section 1172.1 permits a variety of government actors such as prison officials, the Board of Parole Hearings, and prosecutorial agencies to petition for the recall of a defendant's sentence and resentencing.  (§ 1172.1, subd. (a).)  Effective January 1, 2024, the Legislature amended section 1172.1 to grant a trial court jurisdiction to resentence a defendant on the court's own motion "at any time if the applicable sentencing laws at the time of [the] original sentencing are subsequently changed by new statutory authority or case law."  (*Ibid.*; Stats. 2023, ch. 446, § 2.)  Previously, a trial court only had jurisdiction to recall a sentence on its own motion and resentence a defendant within 120 days of the date of judgment.  (Former § 1172.1, subd. (a).)

On February 23, 2024, Jackson filed a petition requesting recall and resentencing pursuant to newly amended section

_____

[1] All unspecified statutory references are to the Penal Code.

1172.1. On March 26, 2024, the trial court issued a written order denying the petition "[p]ursuant to . . . [s]ection 1172.1[, subdivision ](c)." That subdivision states, "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

On April 5, 2024, Jackson filed a petition asking the court to reconsider its denial of his section 1172.1 resentencing request. On May 8, 2024, the court denied that request, again citing section 1172.1, subdivision (c).

Jackson now appeals.[2] His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo*, *supra*, 14 Cal.5th 216. Jackson thereafter filed a supplemental brief, as permitted by *Delgadillo*, asserting the superior court erred in not conducting a full resentencing hearing upon his request for one.

## DISCUSSION

We lack jurisdiction over Jackson's appeal. Section 1237 generally governs a defendant's right to appeal in criminal cases.

---

[2] Jackson's notice of appeal does not specify the specific order(s) he is appealing, stating instead he is "appea[ling] from a request for resentencing under" amended section 1172.1. We liberally construe his notice of appeal to include both the March 26 and May 8, 2024 orders denying such relief because it is reasonably clear what Jackson was trying to appeal and there is no prejudice to the People. (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

Under that section, a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) "The trial court's decision not to exercise its discretion to recall [Jackson]'s sentence did not affect [his] substantial rights under section 1237, subdivision (b), because the trial court had no statutory obligation to act at all on [Jackson]'s request" pursuant to section 1172.1, subdivision (c). (*People v. Hodge* (2024) 107 Cal.App.5th 985, 991.) "If the defendant has no right to a decision [under section 1172.1, subdivision (c)], the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Id.* at p. 996.) Accordingly, the court's orders declining to recall Jackson's sentence and resentence him are "not appealable." (*Id.* at p. 999.)

We recognize that *People v. Chatman* (2025) 108 Cal.App.5th 650 held a right of appeal existed where the trial court mistakenly believed it lacked jurisdiction to rule on a defendant's section 1172.1 petition. In that case, the trial court erroneously relied on the former and now-superseded law that deprived a court of the ability to recall and resentence on its own motion after 120 days to deny relief. (*Chatman*, *supra*, at p. 665.) *Chatman* found this mistake affected the defendant's substantial rights because the trial court misunderstood the scope of its discretionary power when it denied relief. (*Id.* at pp. 664-665.) In contrast, nothing indicates the trial court here misunderstood its discretion to act if it so chose. Instead, the trial court denied Jackson's request pursuant to section 1172.1, subdivision (c), and declined to initiate recall and resentencing on its own motion, as it was entitled to do. Thus, assuming without deciding that

4

*Chatman* is persuasive authority, it does not suggest appellate jurisdiction exists for Jackson's appeal.

As we lack jurisdiction, we decline to conduct an independent review of the record for error.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.